MANN, Judge
(concurring in part, dissenting in part).
The simplicity of the plaintiff’s case is so obscured by excessive and contradictory allegations that the trial judge and my brother Pierce have missed what seems to me to be the essential point. The check, attached as an exhibit, bears the following endorsement : “Credited to the account of the within named payee Beach National Bank Fort Myers Beach, Florida.” As between the two banks in the case, I think this endorsement says all that needs to be said. When one bank certifies to another that it has credited an item to a depositor’s account, the authenticity of the payees’ endorsement is of no concern to the bank on which the check is drawn. Fla.Stat. § 674.4-205(1) (1969), F.S.A.[1] specifically states if *255 the Bank of Hollywood Hills had required the personal signatures of Richard and Grace Grimaldi, it could have said so, but did not. In Count III of its complaint Beach National sets forth this claim, although it also incorporates by reference the allegations of Counts I and II, in which it alleges that it “cashed” the check.
The problem in this case is caused by an excess of pleading. In its first two counts, the plaintiff bank asserts that it “cashed” the check for Grimaldi, and that Grace authorized Richard to act as her agent. These counts allege that Richard’s authority to act as Grace’s agent is founded on the deposit agreement governing their joint account. I agree with the majority that this agreement does not extend beyond transactions affecting the account.
It should be a simple matter to determine whether in fact the Grimaldis’ joint account was credited with these funds, and, if so, whether the instrument on which the Beach National Bank paid the funds out to Richard Grimaldi met the requirements of its contract with the joint depositors. The answer to that question is certainly to be arrived at during the course of litigation, and the motion to dismiss Count III should not in any case have been granted. If one accepts as true the plaintiff’s allegation that it “cashed” the check, it would seem that Mrs. Grimaldi may well have a claim against the Beach National Bank since nothing in the record so far suggests any authority for Richard Grimaldi to act as her agent except with respect to the joint account. In any event, the Bank of Hollywood Hills had no business stopping payment on this check. A smooth flow of commercial transactions demands that the statute be given its intended effect. One may in fact affix his name with a rubber stamp to a check deposited to his account, and the bank in which that check is deposited, by indicating simply that the funds had been credited to the payee, has said to the maker of the check all that need be said.
A decision upholding the dismissal of this complaint will result in serious practical difficulties in the administration of the banking business. I would reverse the order granting the motion to dismiss Count III and remand.

. Fla.Stat. § 674.4-205(1), F.S.A.: A depository bank which has taken an item for collection may supply any indorsement of the customer which is necessary *255 to title unless the item contains the words “payee’s indorsement required” or the like. In the absence of such a requirement a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to his account is effective as the customer’s indorsement.